**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

CANDIE YONKER PLAINTIFF

v. 4:26-cv-00423-KGB-JJV

FRANK BISGNANO,
Commissioner,
Social Security Administration, DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to Chief United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Candie Yonker, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because Ms. Yonker could perform jobs that exist in significant numbers in the economy despite her impairments. (Tr. 19-32.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff is fifty years old. (Tr. 41.) She "completed high school through the GED process," (Tr. 41-42), and has past relevant work as a cafeteria cook. (Tr. 29-30.)

The ALJ[1] first found that Ms. Yonker had not engaged in substantial gainful activity since her alleged onset date of January 4, 2022. (Tr. 22.) She has "severe" impairments in the form of degenerative disc disease with flat back syndrome and obesity. (*Id.*) The ALJ further found Ms. Yonker did not have an impairment or combination of impairments meeting or equaling an

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 25-26.)

The ALJ determined Ms. Yonker has the residual functional capacity (RFC) to perform a reduced range of sedentary work. (Tr. 27.) Accordingly, the ALJ found Plaintiff could no longer perform her past relevant work. (Tr. 29.) He, therefore, utilized the services of two vocational experts to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 49-50, 66-69, 75-79.) Based in part on the testimony of the vocational experts, the ALJ determined Plaintiff could perform the jobs of call out operator, surveillance system monitor, and charge account clerk - despite her limitations. (Tr. 31.) So, the ALJ determined Ms. Yonker was not disabled. (Tr. 31-32.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ committed reversible error at Step Two of the sequential analysis when he found Plaintiff's anxiety and depression were not "severe" impairments. (Doc. No. 7 at 5-7.) She says:

> Unbelievably, the ALJ then dismissed Plaintiff's allegations of a severe mental impairment entirely based upon what appears to be the ALJ's medical assessment of whether it was severe. This was completely improper and infected the ALJ's entire analysis. Indeed, at the RFC determination, the ALJ then included no limitations due to Plaintiff's depression and anxiety. (Tr. 27, Finding 5).2 Because the ALJ ignored Plaintiff's anxiety and depression as severe impairments, this case must be reversed.

(*Id.* at 7.)

In considering Plaintiff's argument, the critical question is whether substantial evidence supports the ALJ's conclusion that Plaintiff's mental impairments "do not cause more than

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." (Tr. 22.) A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

Plaintiff has offered little by way of objective evidence. She points to three pages in the medical records – pages 464, 470, 765. (Doc. No. 7 at 6.) Upon a close review of these treatment records, I find them to be unpersuasive. The first one only identifies anxiety and depressive disorder as "problems" Plaintiff was experiencing. (Tr. 464.) The second mentions Plaintiff has anxiety and depression, (Tr. 470), but also states, "She reports sleep disturbances and restless sleep but reports no depression. . . ." (*Id.*) On the next page of the same treatment record, it notes, "Psychiatric: Insight: good judgement. Mental Status: normal mood and affect and active and alert. Orientation: to time, place, and person. Memory: recent memory normal and remote memory

normal." (Tr. 471.) The last page Plaintiff points to is only a follow up record for her anxiety, diabetes, obesity, and chronic insomnia. (Tr. 765.) Upon exam at that same appointment, Plaintiff's doctors report again that she has good judgment, had a normal mental status, and was oriented to time, place, and person. (Tr. 768.)

Treatment records consistently report that, on examination, Plaintiff's psychiatric condition was either "normal" or that she had good judgement, had normal mood and affect, was active and alert, was oriented to time, place, and person, and had normal memory. (Tr. 893, 898, 1123, 1152, 1198, 1202, 1208, 1204, 1245.) Accordingly, the ALJ could conclude Plaintiff's mental impairments did not significantly limit her ability to perform basic work activities. Also, this evidence supports that ALJ conclusion to reject the findings of Julie Cohen, Ph.D., and find persuasive Brad F. Williams, Ph.D.'s conclusion that Plaintiff had no "severe" mental impairment. (Tr. 84-87, 103-104.)

While Plaintiff believes the ALJ's assessment is flawed, I find no error here. The ALJ focused on Plaintiff's ability to function rather than focusing on her diagnoses. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

Plaintiff's own testimony fails to support her claims that her mental impairments were "severe." Her testimony at the administrative hearing overwhelmingly revealed her main issue was with her back. (Tr. 46-61.) After careful consideration of the record, I find substantial evidence supports the ALJ's decision here.

Plaintiff also argues that the ALJ's RFC assessment was flawed and based on the ALJ's combined errors, the hypothetical question posed to the vocational expert, remand is required.

(Doc. No. 7 at 7-8.) But the objective medical records fail to support Plaintiff's claim of complete disability. The ALJ thoroughly analyzed Plaintiff's claims and found she was capable of performing sedentary work. (Tr. 27-29.) This analysis included reducing Plaintiff's ability to sedentary work activities despite the State agency doctors concluding she could perform light work. (Tr. 29.) This conclusion is supported by substantial evidence.

Clearly Plaintiff suffers from some degree of pain and limitation from her back issues. I am sympathetic to her claims. But the ALJ fully considered the evidence and provided a thoughtful decision. Reversing this matter would require me to reweigh the evidence and reach a different conclusion. *Austin v. Kijakazi*, 52 F.4th 723, 730 (8th Cir. 2022) (quoting *Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022)). The law precludes the Court from doing this.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel for both sides have done an admirable job advocating for their clients' respective

positions. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 7th day of October 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE